EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:26-cv-2536-NRN

**KAILEY MILLER**

Plaintiff,

v.

**MSI, LLC. and MARIANI ENTERPRISES, LLC d/b/a ROCKY MOUNTAIN CUSTOM LANDSCAPES**

Defendants.

---

**SECOND AMENDED CIVIL COMPLAINT AND JURY DEMAND**

---

The Plaintiff, Kailey Miler (hereinafter "Miller" or "Plaintiff"), by and through her undersigned attorneys, ZANER LAW, hereby files this Second Amended Civil Complaint and Jury Demand and asserts as follows:

**INTRODUCTION**

1. This personal injury action arises out of a serious premises liability incident that occurred on September 12, 2024. Plaintiff stepped into an unmarked highline valve box which was, essentially, a hole in the ground. Defendants failed to appropriately maintain this box. As a result, Plaintiff's leg was severely injured and became infected. Plaintiff could not work as a traveling nurse for approximately 15 months and she is claiming $154,100 in wage loss. Plaintiff claims approximately $69,000 in medical bills. Plaintiff also claims noneconomic loss including pain and suffering, physical impairment, and disfigurement. Plaintiff still has an unsightly indentation in her leg.

EXHIBIT 1

## JURISDICTION AND VENUE

2. Plaintiff resides in the State of Indiana.

3. Mariani Enterprises, LLC d/b/a Rocky Mountain Custom Landscapes is a business entity with a principal address of 110 Albrecht Dr., Lake Bluff, IL 60044. Its registered agent is Capitol Corporate Services, Inc., 36 S. 18th Ave., Ste. D, Brighton, CO 80601.

4. MSI, LLC is a limited liability company formed in Colorado. Its headquarters is 11002 Benton St, Westminster, CO 80020, US. Its registered agent is C T Corporation System, 7700 E. Arapahoe Rd. Ste. 220, Centennial, CO 80112.

5. The incident out of which Plaintiff's cause of action arises occurred in Parker, Colorado 80112.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is a civil action in which the parties are citizens of different states.

7. Venue is proper in this District under 28 U.S.C. § 1391 as this is the District in which Plaintiff sustained her injuries, losses, and harm, out of which this action arises.

## FACTUAL ALLEGATIONS

8. On or about September 12, 2024, Plaintiff was walking in a grassy common area of her townhouse community at the intersection of Colony Loop and Intersection Loop in Parker, Colorado.

9. Suddenly, Plaintiff's leg entered a large hole which has been characterized as a highline valve box ("the incident"). This hole did not have a cover and was not marked with a warning.

EXHIBIT 1

10. As a result of the incident, Plaintiff was renting a townhouse at 6795 Dewey Dr., Parker, CO 80138 in the Lincoln Creek Village townhouse community, which includes the area of the incident.

11. Defendants maintained and controlled the highline valve box at the time of the incident.

12. Upon information and belief, Mariani Enterprises performed the landscaping in the area of the incident. Upon information and belief, the highline valve box was maintained by Mariani Enterprises in conjunction with its landscaping work at that location.

13. Plaintiff's leg was severely cut by a sharp object in the hole, and it became infected, which required a considerable amount of antibiotics and wound care for a period of 15 months.

14. Plaintiff was an invitee at the time of the incident.

15. Defendants knew or should have known that the uncovered and unmarked hole was a potential danger to Plaintiff.

16. Defendants knew or should have known that it needed to use reasonable care to mitigate or otherwise warn of the hole.

17. Defendants failed to use reasonable care to mitigate or otherwise warn of the hole and Plaintiff was injured.

18. As a result of the incident, Plaintiff sustained significant injuries including, but not limited to, a severe leg laceration and infection.

19. As a result of the incident, Plaintiff has undergone significant medical treatment.

EXHIBIT 1

20. Upon information and belief, at all times relevant to this action, Defendants were statutory "landowners" under C.R.S. § 13-21-115, responsible for the condition of the Premises, as well as any activities conducted or circumstances existing on the Premises.

21. If Plaintiff was not an invitee at the time of the incident, she was a statutory licensee.

22. Defendants had a legal duty to secure and maintain the hole.

23. Defendants breached this duty by permitting the hole to be uncovered, unmarked, and obscured by nearby flora.

24. At the time of the incident, Defendants were negligent.

25. Plaintiff did not cause her incident-related injuries.

26. Plaintiff was not comparatively negligent in causing the incident described above.

27. Plaintiff was not comparatively negligent in causing the injuries she suffered as a result of the incident described above.

28. As a direct and proximate result of the incident described above, Plaintiff suffered damages.

29. As a direct and proximate result of the incident described above, Plaintiff incurred in the past, and will continue to incur into the future, medical and other health care and rehabilitation expenses related to injuries, past and future loss of earnings, loss of earning capacity, and loss of time.

30. As a direct and proximate result of the incident described above, Plaintiff incurred non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to quality of life.

31. As a direct and proximate result of the incident described above, Plaintiff suffers from lasting physical impairment and disfigurement.

**FIRST CLAIM FOR RELIEF**

**Statutory Premises Liability pursuant to C.R.S. § 13-21-115 – all Defendants**

32. Plaintiff incorporates herein by this reference the allegations set forth with specificity in Paragraphs 1 through 31 of this Civil Complaint and Jury Demand as if set forth *verbatim*.

33. Defendants, as “landowners” of the Premises, had a duty of to use reasonable care to maintain the Premises in a reasonably safe manner on the date and place set forth above, pursuant to C.R.S. § 13-21-115.

34. At all times relevant to this action, Plaintiff was an “invitee” of the Premises.

35. If Plaintiff was not an invitee, she was a “licensee.”

36. At all times relevant to this action, it was foreseeable that leaving the hole uncovered, unmarked and obscured by nearby flora could result in injury to Plaintiff.

37. At all times relevant to this action, Defendants knew, or should have known, that a dangerous condition existed at the place set forth above on the Premises.

38. At all times relevant to this action, Defendants had a duty to exercise reasonable care to protect Plaintiff against dangerous conditions on the Premises.

39. Defendants failed to use reasonable care to protect Plaintiff against the Premises’ dangerous condition in the following respects:

a. Failure to cover the hole;

b. Failure to mark the hole with a warning;

c. Failure to trim the nearby flora such that it did not block the hole;

d. Failure to maintain the inside of the hole such that it not contain sharp objects;

e. Failure to supervise those who maintained the hole;

f. Failure to train those who maintained the hole; and

g. Failure to develop procedures and policies which would have prevented the incident.

40. Defendants' above-referenced failure to exercise reasonable care to protect Plaintiff from the dangers discussed above was the direct and proximate cause of Plaintiff's injuries.

41. Defendants' breach of the aforementioned duties caused Plaintiff to sustain damages.

## SECOND CLAIM FOR RELIEF

### Negligence – all Defendants

42. Plaintiff incorporates herein by this reference the allegations set forth with specificity in Paragraphs 1 through 41 of this Complaint, as if set forth *verbatim*.

43. Defendants had a duty to secure and maintain the hole where the incident occurred.

44. Defendants breached this duty by:

a. Failure to cover the hole;

b. Failure to mark the hole with a warning;

c. Failure to trim the nearby flora such that it did not block the hole;

EXHIBIT 1

d. Failure to maintain the inside of the hole such that it not contain sharp objects;

e. Failure to supervise those who maintained the hole;

f. Failure to train those who maintained the hole; and

g. Failure to develop procedures and policies which would have prevented the incident.

45. Plaintiff was injured by Defendants' Breach.

**WHEREFORE**, the Plaintiff, Kailey Miller, prays for judgment against Defendants in an amount to be determined by the trier of fact for her losses as set forth above and for costs, expert witness fees, filing fees, pre- and post-judgment interest, and such other further relief as the Court may deem appropriate, just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to F.R.C.P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: 9/11/26 .

Respectfully submitted,

ZANER LAW, LLP

*/s/ Joseph Woelkers*

Joseph Woelkers, #45559
1610 Wynkoop Street, Suite 120
Denver, CO 80202
Phone: (303) 563-5354
Fax: (303) 563-5351
Email: jw@zanerlaw.com

Plaintiff's Address:
4963 Leeward Ln, Lafayette, IN 47909